BATES TURNER, appellee, *vs.* HEMAN LOWRY, Esq. *Sheriff of the county of Chittenden,* appellant.

An officer having an execution for collection, and finding neither the body or the property of the debtor, is bound not only to endorse his return or certificate of *non est inventus* thereon, but actually to return the precept with such certificate thereon, *into the office* whence it issued, *within* the life of such execution; otherwise the bail of the debtor, on the original writ will be discharged, and the officer holden for the amount of the execution.

THIS was an action on the case, for a neglect of the defendant's deputy, in not returning an execution of the plaintiff, with-

in the life, whereby the bail on the plaintiff's original writ were discharged.

To the plaintiff's declaration the defendant pleaded, 1st, the general issue, and 2dly, the following special plea in bar:—

And for further plea in this behalf, the defendant, by leave of the Court, pleads and says that the plaintiff, from having and maintaining his said action ought to be barred, because, he says, that although it is true that the defendant, as sheriff of the county of Chittenden, on the 17th day of May, 1826, received the writ of execution named in the plaintiff's declaration, in favour of the plaintiff against *Uzal Peirson*, dated the 26th day of April, 1826, and made returnable within sixty days from the date thereof, to collect; yet, the defendant says, that from the time of receiving said writ until the expiration of the time given to execute the same, to wit, until the 24th day of June, 1826, which was *Saturday*, and *Sunday*, the day following, being the day on which the said sixty days from its date would expire, he continued to hold said writ of execution, making diligent search throughout his precinct for the property and body of the said *Uzal Peirson*, and that by the most strict and diligent search during the whole of said period, he could find neither the body nor property of the said *Uzal* whereon he could serve or levy said writ, and that on said 24th day of June, 1826, he made the following return upon said writ of execution, to wit, "Chittenden county, June 24th, 1826. I hereby certify, that I have made diligent search, but can find neither the body or property of the within named debtor, within my precinct, whereon to levy the sums contained in this execution, or any part thereof. *M. Bliss*, D. Sheriff," and that he the said *M. Bliss* thereafterwards, to wit, on *Sunday evening*, the 25th day of June, 1826, enclosed said writ of execution in a letter addressed to *Horace Janes*, Esq. clerk of Franklin county court, and at the same time left said letter with the post-master at said Burlington, in the post-office, to be sent by the mail to the said *Janes*, clerk as aforesaid; which said writ of execution was transmitted by mail and received by said *Janes*, clerk as aforesaid, and filed in his office on *Wednesday morning*, the 28th day of June, 1826. And this he is ready to verify; wherefore he prays judgment, &c.

To this plea in bar there was a demurrer, and joinder in demurrer.

*Aldis & Turner*, in support of the demurrer, insisted, that the return of the execution must not only be certified by the officer, but actually be made to the office whence it issued, within the *sixty days* specified in the precept. And they cited *Jacob's Law Dictionary*, tit. *"Return."*—*Stat.* p. 66, § 29. *Ib.* 68, § 34 & p. 139, § 4.

*Allen & Van Ness*, contra, contended, that by the terms of the statute, it was made the duty of the officer to make his *levy* within sixty days, if the goods or body of the debtor were to be found; and consequently, that it was his duty to keep the execution du-

*Franklin, January, 1827.*

Turner
vs.
Lowry.

*Franklin,*
*January,*
*1827.*

Turnor
*vs.*
Lowry.

ring its life, for the purpose of search; and that the return of *non est inventus* was to be made *afterwards,* when, from a want of goods and the absence of the debtor during the whole life of the execution, a *levy* becomes impossible. (*Prescott* vs. *Wright,* 6 *Mass. Rep.* 20.) That the execution, in this case, having been returned into the clerk's office on the *Wednesday morning* next after the expiration of its life, it was in season to hold the bail; and that the officer had used reasonable diligence in getting it into the office of the clerk. (*Stevens* vs. *Adams, Brayt. Rep.* 29.)

The opinion of the Court was pronounced by

HUTCHINSON, J. The principal question raised, and now to be decided, is, whether the defendant returned the execution in such season as to charge the bail, who became such on the original writ. If it was thus returned in season, the plaintiff has no reason to complain, for the return indorsed upon the execution tends to, and is sufficient for that object, if made in time. But if not made in time, the bail thereby became discharged.

Reference is had to several statutes, and recourse to several arguments, to elucidate this point, and ascertain the true time allowed by law for sheriffs to return their executions, either to charge bail, or to screen themselves from suits for their neglect.

Notice need not be taken, at present, of the statute giving the party the election of an execution running to the next term of the court.

The statute, page 87, sec. 95, gives the supreme and county courts their power to issue executions, and says, "and any writ of execution issued from either of the courts aforesaid, shall be made returnable within sixty days." In the statute, page 203, sec. 10, it is enacted, "that all sheriffs and constables shall receive all writs, &c. and shall execute and return the same agreeably to the directions therein given." The same section then proceeds to enact penalties for any wilful neglect in this respect.

Statute, page 66, sec. 29, renders those who become bail, by endorsing writs, liable to satisfy the judgments which may be rendered on such writs, in case the return *non est inventus* be legally made on the execution issued on such judgment." This does not define what shall be deemed *a return legally made.*

So sec. 34th, page 68th, says such bail shall not be holden as above, "unless the creditor cause a return of *non est inventus* to be *regularly* made thereon. Here, again the question arises, when such return shall be said to be *regularly* made thereon?

It is said in argument, that this is satisfied with the writing and signing by the officer upon such execution the statement of what he may have done. It is obvious that this alone would be of no use to the creditor in pursuing the bail; and, if nothing more were done, the year would expire and the bail be discharged, before the plaintiff could obtain the materials to make his writ against the bail. The writ of scire facias against such bail

is a judicial writ. It cannot regularly issue, till the matters that lead to it, and dictate its necessity, appear of record. Not only must there be with the clerk, the original writ and record of the judgment, but the execution must be returned to the clerk, with such return of *non est inventus* duly certified thereon, or no *scire facias* can issue. A return of a process is literally the delivering back that process to the officer or office whence it came. The endorsement of the officer's proceedings is literally what accompanies his return, or goes back with the process. In common parlance it is called the return itself. But in reality, neither can avail as a foundation of after process without the other. See, as cited, *Jacob's Law Dictionary* 7, at the word *return.*

Franklin,
January,
1827.

Turner
vs.
Lowry

If such be the return required by the statute, when must it be made? When the several statutes here referred to, require that executions shall be made returnable within sixty days, and that the several officers shall return them agreeably to the directions therein given, it would seem that within sixty days from the date is the term definitely fixed by law, within which every officer must not only write his return upon the execution, but must return the same, so written upon, to the clerk who issued the same. If this construction needed confirmation, it is found in the statute cited from page 139, sec. 4, where it is enacted, that, in a certain case there stated, "the bail shall not be discharged because a *non est inventus* return is not made in sixty days." Here, as is urged by counsel, is a strong implication, that, without this statute, such a neglect would operate to discharge the bail.

Further confirmation still, upon both points, is derived from the form of the execution given by statute, see page 317. "Hereof fail not, and make due return to me of this writ, with your doings thereon, within sixty days from the date." The writ is to be returned to the clerk; his doings must be endorsed thereon; and all this within sixty days from the date.

It is contended, however, by the defendant's counsel, that a better construction of these statutes, and more beneficial to the creditor, is, that the officer be searching the whole sixty days for the property or body of the debtor, and then have a reasonable time allowed him to carry home his process. But the Court consider, that his reasonable time for return should be reserved by every officer, when he completes his search----and in this he must calculate the distance and facilities to make his return. This course ought to satisfy every creditor; and this alone can be safe for any officer. He can calculate, with tolerable certainty, what time is necessary to return his process to any given place; and make reasonable allowance for such impediments of storms, &c. as may probably happen. But, place him in a field of uncertainty as to what different courts would decide was a reasonable time in which to make a return, and much more as to what the opposite party might prove, and what different juries might find, the facts to be in each case, up-

*Franklin,*
*January,*
*1827.*

Turner
*vs.*
Lowry.

on the reasonableness of which the several courts must decide, and his task must be both unpleasant and hazardous. It is what an officer, in the exercise of prudence, would never risk, even if he supposed the law would indulge him in it. The difficulties suggested of the officer's meeting the debtor while returning his execution, or after he shall have transmitted it to the office, it being yet in life, are all answered by saying, that if he so meets him, within his precincts, he may arrest and commit, and the object of the creditor is answered. If he shall have transmitted it by another hand, and sees the debtor, he is wholly excused, after a faithful search, till all prospects of finding the debtor have ceased, and a reasonable time only, for the return yet remains.

It will readily be perceived, that this course of reasoning overrules the case in Brayton's Reports, page 29, *Stevens* vs. *Adams.* We meet this necessity with great reluctance, and the greater, because the decision of that case may have prompted the defendant to undertake his present risk. But, by the long delay he indulged, he increased his risk far beyond what that case would encourage him to do. The case itself, however, seems not to furnish the strongest proof that it was decided upon great deliberation; and it is so difficult to reconcile it with the plain provisions and practical construction of the several statutes upon the subject, we conclude to treat it as not of imperative force, and follow the path marked out for the several officers, by the statutes aforesaid; that they must return their process within the time therein prescribed. While we cannot but indulge a degree of sympathy for the present defendant, we have the consolation to believe, that this decision corresponds with the almost universal practice of the officers throughout the state.

This plea in bar is probably bad, as amounting to the general issue; but the Court decide upon its substance only.

> The judgment of the Court is, that the plea in bar is insufficient.

*Turner* now moved the Court for judgment for his damages, which were decided to be, the amount of his judgment against the execution debtor, and interest thereon, after the sixty days.

*Asa Aldis* and *B. Turner,* for the plaintiff.

*Heman Allen* and *C. P. Van Ness,* for the defendant.