## HORACE HALL & Co. *vs.* CHAPIN K. BROOKS.

Essex,
March,
1836.

In an action on the case against a sheriff for neglecting to serve and return an execution, the rule of damages is the amount of the execution, and the defendant cannot be permitted to give in evidence the pecuniary circumstances of the debtor to reduce the damages.

This being an action on the case against the defendant as sheriff of the county of Essex, for neglecting and refusing to levy, serve, collect or return an executing, described in plaintiffs declaration, which is referred to, and judgment having been rendered against the defendant by default, and the assessment of damages being to be made by the court by agreement of parties, the defendant offered evidence to show the situation and circumstances of the debtor in the execution named in plaintiffs declaration, and that at the time of the execution issuing and being put into defendant's hands, as set forth in plaintiffs declaration, the debtor aforesaid was, and still is, wholly irresponsible and unable to pay said execution or any part of it, with a view to reduce the damages in this case. This testimony was rejected by the court on the objection of plaintiffs and judgment rendered for the full amount of said execution and cost. Defendant excepted. Exceptions allowed and certified.

*Cushman and Wead for defendant.*—The defendant contends, that all actions on the case are for the recovery of damages.—1 Chit. Pl. 152.—4 Vt. R. 223, *State Treasurer vs. Weeks.*

What damages are to be recovered ? Is it such as have been sustained by the party bringing the suit, or is there something beyond this, that a defendant must account for ?—1 Saund. R. 38.— 2 Willson R. 295, *Ravenscroft vs. Eyler.*—2 Vt. R. 276, *Isham vs. Eggleston.*—4 Vt. R. 223.—7 John. R. 192, *Russell vs. Turner.*

Suppose the debtor in the execution had been committed to jail; what would the plaintiffs have gained if he was absolutely poor ?

It is not alleged that Cheney, (the debtor,) had property on which the execution might have been levied.

The legitimate object of imprisonment in civil cases, is to obtain payment of the debt, and when the debtor has no property, imprisonment becomes a punishment.—1 Vt. Rep. 423, *Town of Middlebury vs. Haight.*

The sheriff cannot be punished in this action for his neglect. The stat. p. 203, sec. 10, points out the course to be pursued for that purpose.

Essex,
March,
1836.
_____
Hall & Co.
vs.
Brooks.

The statute also, (same section,) provides, that all damages sustained by a party, in consequence of the neglect or refusal of an officer to serve process, may be recovered.

At common law, a plaintiff in an action on the case, can recover no more damage than he has sustained.

What would have been the liability of a sheriff for refusing to execute a *mesne process.*—1 John. R. 223, *Potter* vs. *Lansing.* —2 Tyler 402.

The debtor in the execution is still within reach of process, and the plaintiffs may have a new writ against him.

· The statute provides, that in any action for the escape of a prisoner, the sheriff may give in evidence the poverty and circumstances of the prisoner in mitigation of damages.—Stat. p. 218, sect. 4.

It is difficult to understand how a creditor can be injured to a greater extent by the refusal of an officer to serve a process, than by permitting him to escape after he has been arrested.

*J. Mattocks and Heywood for plaintiffs.*—The only question in this case is whether the evidence offered us, as to the poverty of the debtor in the execution, described in the declaration, was properly excluded by the court?

The object of imprisonment for debt, is to force the debtor to apply his secret funds in payment of the debt upon which he is committed.   And if it is to be settled that officers having executions are permitted to neglect their duty and then, to avoid responsibility, may give the poverty of the debtor in evidence, the object of the law must be defeated, because the evidence given of the debtor's poverty will be as to his apparent circumstances, and he may have cash in his pocket and debts due of which the creditor can get no proof.

It is impossible for a jury to assess the amount of damages in this case, so as to be reasonably certain that they do no injustice to the plaintiffs, short of giving a verdict for the damages and costs in the execution.

In this case there was a gross neglect of duty which the law will not protect.   There was no step taken by the officer towards performing his duty.

The cases where the poverty of the debtor has been permitted to be given in evidence to mitigate damages, are only in cases of escape.   But here was no escape, but a neglect to arrest.

This was decided by the supreme court, at Danville, March Term 1832, in the case *Buckminster* vs. *Fuller,* not reported. The declaration in that case was the same as the first count in this

Essex,
*March,*
1836.

Hall & Co.
*vs.*
Brooks.

case. In that case the county court excluded evidence of the poverty of the debtor, and the supreme court confirmed the decision, as I have copies of the case to show. It is true that that case was not of the magnitude of this, but the defendant thought it of sufficient importance to carry to the supreme court to get his legal rights, and there is no doubt that the court duly considered the case according to the law that must govern all similar cases. This action was brought on the authority of that case, and why should that case be overruled, when in an action of debt the whole amount of the execution can be recovered ?

The opinion of the court was delivered by

REDFIELD, J.—In this action, the county court gave judgment for the whole amount of debt and cost in the original execution, notwithstanding the defendant offered evidence to show that the debtor was, at the time of the neglect, wholly unable to respond the amount, or any part of it. If the testimony was relevant, then the judgment is erroneous.

At common law, no such action, as the present, could be sustained against an officer, the only remedy being the process of the rule of court and amercement for contempt. But the action is expressly recognized by our statute, but nothing is there to be found in relation to the rule of damages. But the defendant claims the right of giving the evidence offered, and thus reducing the damages below the amount of the execution, as a universal common law right, in reference to all actions of this character. In actions for escape on *mesne process,* and for refusal to serve *mesne process,* as the debt cannot be transferred to the officer, by the judgment, the rule of damages claimed by defendant in this case has been adopted. But where an officer has final process put into his hands, which he refuses or neglects to receive, it has always been held, that he thereby made the debt his own, and was liable in damages to the full amount of the debt.

The question is not new. It was so held by the court in the case of *Turner* vs. *Lowry,* 2 Aik. 72, when judgment was rendered for plaintiff to recover the full amount of this execution.

In the case of *Buckminster* vs. *Fuller,* decided in Caledonia county, March Term 1832, the point now in judgment, was fully considered and decided, as we now hold.

There is a case within the recollection of some members of the court, decided in Franklin county, in which it was held, that the sheriff was liable in an action for escape from the liberties of the

Essex,
*March,*
1836.

Hall & Co.
*vs.*
Brooks.

jail for the full amount of the debt and could not give in evidence either the poverty of the debtor or the solvency of the bondsman at the time of executing the same, they having subsequently become wholly insolvent. These decisions and the long and uniform practice in all our courts of allowing full damage, we think, give to the rule the force of law. That the case is, in some respects, similar to that of an action for escape on *mesne process* is not to be denied. But that is not the same case. If the debtor has once been in custody, the object of imprisonment has been in some measure answered. Imprisonment for debt is only intended to operate to induce a surrender of the debtor's property. If it fails in producing that effect, in the first instance, it will usually always fail. But the case is quite different, when the officer chooses to take the law into his own hands and peremptorily refuses, or what is the same, wholly neglects to serve the process of the court, to which he is bound, and which the creditor has a perfect right to insist upon, we cannot feel that in this view the rule of law here recognized is a hard one. A contrary rule would certainly be very much at variance with sound policy, in as much as it must lead directly to encourage in officers, neglect of duty and tampering with debtors and their friends, which is not within the legitimate scope of their duties.                    Judgment is affirmed.