# RUTLAND COUNTY.

## January Term, 1839.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT.

## Gilman A. Bramble *v.* Town of Poultney.

In an action against a town for the neglect of a constable, it is not neces-
sary that there should be a judgment rendered against the constable.

If such a judgment has been rendered against a constable, of which the
town had no notice, it is not conclusive evidence, against the town, of
the default and neglect of the constable.

This was an action of the case against the defendants, for
the neglect of Harlow Harford, as constable of Poultney
for not collecting an execution in favor of the plaintiff
against one Allen Belding. The plaintiff offered in evi-
dence, as being conclusive upon the defendants, the records
of a judgment of Windsor county court, in favor of the
plaintiff against said Harford, as such constable, for neglect-
ing to collect the execution aforesaid, it being admitted that
said Harford was constable of said Poultney at the time he
received said execution, without offering to connect there-
with proof of notice to the town of Poultney, either of the
commencement or pendency of the suit against said Har-
ford ; and, as being also conclusive upon the defendant, and
to entitle the plaintiff to recover as well the amount of dam-
ages as costs recovered against the said Harford in the suit

RUTLAND,
January,
1839.

Bramble
v.
Poultney.

aforesaid. To the admission of the record for the purposes and to the effect aforesaid, the counsel for the defendants objected, as not being conclusive as to said damages and costs. But the court overruled the objection, and admitted the said record as conclusive evidence to entitle the plaintiff to recover, both as to said damages and costs, and thereupon rendered judgment for the plaintiff. The defendants excepted.

*J. Clark*, for defendants.

1. The county court erred in admitting the records as evidence at all; for the suit was not between the same parties, nor were the defendants in privity with said Harford, nor did they possess the power of making themselves a party to the suit, nor had they any knowledge of its commencement or pendency; nor, of course, the power of cross-examining the witnesses, and adducing evidence in defence, &c., and, consequently, it would be repugnant to every principle of justice, that the defendants in this suit should be bound by the result of an inquiry, to which they were entire strangers. 1 Starkie's Ev. 190, 191. 2 Bac. Ab. F. 616, 617. Gilbert's Ev. 29. Phillips' Ev. 222. 2 N. H. Rep. 190. *Wood* v. *Davis*, 7 Cranch's Rep. 271. *Davis* v. *Wood*, 1 Wheaton's Rep. 6. *Case* v. *Reeve*, 14 Johns. Rep. 79. *Rogers* v. *Atwater*, 4 Day's Rep. 431.

2. The record offered cannot be conclusive upon the defendants, for the plaintiff was not entitled to recover, against the defendants, for Harford's neglect as constable, without alleging and proving the judgment of Bramble against Belding, and the issuing of the execution on that judgment. *Barber* v. *Town of Benson*, 9 Vt. Rep. 171. The same doctrine is recognized in *Hill* v. *Wait*, 5 Vt. Rep. 124.

3. If the plaintiff had a right to introduce the record as evidence at all in the case, it cannot be conclusive, for even if it had appeared that Harford acted by command of the defendants, it is but *prima facie* evidence. 1 Stark. Ev. 194. Doug. Rep. 56.

4. At all events the record was no evidence at all to entitle the plaintiff to recover of the defendants the bill of cost in his suit against Harford. *Comp. Statutes*, 420.

It was not necessary that the plaintiff should obtain a judgment against Harford to entitle him to recover of the town of Poultney.

*S. Foot*, for plaintiff.

In cases of judgments, against sheriffs and high bailiffs, rendered by *default*, sureties are allowed all the advantages upon trial on *scire facias*, which the principal might have had in the original action. Comp. Laws, 70.

We infer, therefore, that a judgment rendered against a sheriff or high bailiff, for official neglect or default, *on trial,* would be conclusive against the sureties upon *scire facias,* on such judgment.

But, in the case of constables, it is not provided that the town, as their sureties, shall have the advantage of a trial after judgment against a constable for official neglect or default, even when such judgment is rendered by default; and *a fortiori*, they would not be entitled to it it after judgment rendered upon the verdict of a jury.

The only facts that can be set up in defence have been put in issue, and the finding of the jury is conclusive as to those facts, and they cannot again be put in issue by the defendants.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question presented in this case is, whether the record of the judgment, read in evidence in the county court, was conclusive, as decided by that court. The remedy, given by statute against a town, for the neglect of a constable, and the remedy against a constable, are independent. In order to lay the foundation for an action against the town, it is not necessary first to sue and recover judgment against the constable. This was decided in the case of *Allen* v. *Town of Huntington*, Chittenden County, 1836 (not reported.) And, in this particular, the action is different from those with which it was compared in the argument, viz. suits against the sureties of sheriffs and high bailiffs, where a judgment must be obtained against the sheriff, &c. and then be affirmed against the bondsmen. The remedy against towns and constables, for the neglect of the latter, are concurrent, and the evidence, which would be applicable in one case, would not be so in the other. The judgment against the constable was conclusive against him both as to the default and the damages sustained by the plaintiff. But it would have no such effect on those who were not parties or privies thereto, and had no opportunity to controvert the facts,

which were to be proved, to entitle the party to the judgment. A judgment is always evidence of the fact of its having been rendered, and the legal consequences thereof. But, with respect to those facts, which were necessary to be proved to obtain it, and on the proof of which it was rendered, it is, as to all others, but the parties, *res inter alios acta.* The admissions of the party may have been sufficient in one action on which to found a judgment, and still be wholly inadmissible in another. Judgments *in rem*, decrees of courts of probate, &c. are admissible in evidence, on the ground that every one interested has an opportunity of becoming a party, and is considered, in law, to be so far a party as to be bound by them. This reason does not apply to suits and controversies between party and party, where none, but those who are, or might become, parties, have an opportunity to be heard and to examine and cross-examine witnesses. The judgment read in evidence, in the court below, was treated as conclusive evidence of the facts upon which it was rendered, viz. the default of the constable and the damages of the plaintiff. For the reasons, already given, it is apparent that it was not thus conclusive. Whether it was or was not *prima facie* evidence of the damages, is not the question to be decided, as the court below were incorrect in their decision on its effect. The judgment of the county court must, therefore, be reversed.