ROBERT WATKINSON v. THE TOWN OF BENNINGTON.

The rule, that an officer becomes liable to the creditor for the whole amount of an execution which he suffers to run out in his hands, applies to those cases where he has done nothing, under the writ, that operates as an immediate and necessary benefit to the creditor..

A commitment of the debtor is not rendered invalid by the officers neglect to return the execution.

THIS was an action on the case against the defendants, for the default of Daniel A. Rudd, their constable, in not executing and returning a writ of execution in favor of the plaintiff and against Asahel Booth, for the sum of $286,53, damages and $18,32, costs, issued on a judgment recovered at the December term of Bennington county court, 1837, which execution was dated December 13, 1837, and made returnable in sixty days from date.

The writ of execution was delivered to the said constable, on the twenty second day of December, 1837, and was never returned to the office whence it issued.

Upon the trial in the county court, the defendants offered in evidence the execution, described in the declaration, and the constable's return indorsed thereon, dated January, 27, 1838, showing that said execution had been levied on per-

BENNINGTON,
February,
1839.

Watkinson
v.
Town of
Bennington.

sonal estate of the debtor, which had been sold, by the constable, according to law ; that the amount realized from such sale was $134,53, and that, the balance of said execution being unpaid, the said debtor was, by virtue of said execution, committed, by said constable, to the common jail in Bennington, within the life of the execution. To the admission of this evidence the plaintiff objected, but the court overruled the objection and admitted the evidence in mitigation of damages.

It further appeared that one hundred dollars of the money received for the personal property, sold upon the execution, had been paid, by said constable, to the plaintiff, and that the balance had been demanded of him, but never paid.

Whereupon, the plaintiff claimed a judgment for the amount of the execution, deducting the one hundred dollars which he had received. But the county court decided that the plaintiff was not entitled to recover the whole amount claimed, and rendered a judgment for the plaintiff to recover the balance of the money, in the hands of the constable, arising from the sale of the personal property.

The defendants excepted to the decision of the county court.

After argument, the opinion of the court was delivered by

Royce, J.—A question may perhaps arise hereafter, whether the rule of damages, in cases of this description, should always be the same against the town, as against the constable. The statute has rendered the town liable to "make good" to any party such damages as he may sustain from the constable's default. These expressions would seem to imply actual damages, and nothing more. It has just been decided in the county of Rutland, (*Bramble* v. *Poultney*, 11 Vt. R. 208,) that a recovery against the constable is not evidence of the liability of the town. And, as the two remedies are both direct, and independant of each other, it may well deserve consideration whether any rule of damages against the constable, which is founded rather in general policy than in strict justice to the creditor, should be applied as against the town. The present occasion does not require us to pass upon the question, since we consider, that, upon the facts dis-

BENNINGTON,
February,
1839.

Watkinson
v.
Town of
Bennington.

closed in this case, the balance of the execution would not form a necessary measure of damages as against the constable.

The rule, that an officer subjects himself in this form of action for the whole amount of an execution, if he suffers the same to run out in his hands, is not in strict analogy with the principles of common law. Actions of this class are supposed to be founded upon the equity of the plaintiff's case. And hence it was expressly admitted in *Bonafous* v. *Walker*, 2 T. R. 126, that whenever the form of action is case, whether for defaults on mesne or final process, the question, as to damages, is necessarily open, and the jury are at liberty to give what they shall think the justice of the case requires. But the prevailing rule must be regarded as settled, in the case of neglect to return an execution, though the common law remedy is resorted to. This rule, however, is not applicable to every case, even, of such neglect. It has its proper application to those cases where nothing has been done under the writ, which operates as an immediate and necessessary benefit to the creditor. Such were the cases of *Turner* v. *Lowry*, 2 Aik. 75, and *Hall* v. *Brooks*, 8 Vt. R. 485. The case must be the same where the whole or a part of the money has been raised, but not paid over to the creditor. But, so far as the doings of the officer, seasonably had under the writ, have at once enured to the creditor's benefit, he must be content with that benefit, though the writ may happen not to be returned in time. Were it fully executed, there is nothing, but the statutory enactment, which would seem to render a return of the process at all necessary. Originally, final process was not ranked among returnable process, nor did it need to be returned, unless the officer was ruled or ordered to make return. But, our statute having made it returnable, the officer must be guilty of default if he fails to return it. In this case, the writ was fully executed, by raising money for part and committing the debtor for the residue. To the portion thus satisfied by commitment, the remarks just made are applicable. The commitment was legal, and operated effectually for the plaintiff's benefit, whether the execution was, or was not, afterwards, returned. The present, then, is not a case for the application of the

stern rule for which the plaintiff contends. He was entitled to show any actual or probable loss, from the manner of executing the writ, or from the long neglect of the constable to return it. And it does not appear that he was deprived of any such showing; as the decision merely was, that the commitment was admissible, in evidence, in mitigation of damages.

Bennington,<br>*February*,<br>1839.<br><br>Watkinson<br>*v.*<br>Town of<br>Bennington.

Judgment of county court affirmed.