HARRY GOODRICH v. PETER STARR AND SOPHRONIA SMITH, Administrators of ADNAH SMITH.

If a sheriff, having final process in his hands against the body of a debtor, have an opportunity to arrest the debtor, and neglect to do so, and afterwards, and within the life of the execution, the debtor absconds, and the sheriff thereupon makes a return of *non est inventus* upon the execution, he is liable for the amount of the execution, and interest, and cannot show the insolvency of the debtor in mitigation of damages.

APPEAL from the decision of commissioners upon the estate of Adnah Smith. The plaintiff declared, in substance, that an *alias* execution in his favor against William P. Hooker and Charles Hooker, issued upon a legal judgment and dated July 29, 1842, and running against the bodies of the said debtors, was, on the ninth day of August, 1842, delivered by him to Adnah Smith, then sheriff of Addison county, and that Smith neglected to arrest the bodies of the debtors thereon, although he had an opportunity to have arrested them within the life of the execution. The declaration also contained a count, averring that Smith made a false return of *non est inventus* on the execution. Plea, not guilty, and trial by the court,— BENNETT, J., presiding.

On trial the plaintiff gave evidence to prove that the execution specified in his declaration was delivered to Adnah Smith, then sheriff of Addison county, on the ninth day of August, 1842, to execute and collect; and also evidence tending to prove, that, soon after the receipt of the execution, and while the same was in full life, the said sheriff was in the presence of the debtors, and might have arrested them upon the execution, but forbore to do so at that time, relying upon their promise to meet him at a future day named, within the life of the execution, and surrender themselves to be committed to jail thereon; but that the sheriff did not commit either of them; and it appeared, that he subsequently returned the execution into the clerk's office, from whence it issued, with a return of *non est inventus* indorsed, as to both debtors.

The defendants gave evidence, tending to prove that the sheriff did not see the debtors, or either of them, while he held the ex-

ecution, and that he had no opportunity of levying the same upon their bodies, and that they absconded from the State the Saturday night next after the ninth of August, 1842, and that Charles Hooker did not return into the State until February, 1843. Evidence was also given, subject to the opinion of the court as to its operation, to prove that the debtors were, on the ninth day of August, 1842, and have ever since continued to be, greatly insolvent, and destitute of attachable property. It farther appeared, that, on the 27th day of September, 1842, the said sheriff, without the intervention of the creditor, took out, for his own benefit, a *pluries* execution on the said judgment, and, on the 8th day of November, 1842, committed William P. Hooker to jail thereon, and subsequently made a return of *non est inventus* as to Charles Hooker.

Upon the evidence the court found the issue against the defendants, and rendered judgment for the plaintiff to recover the amount of his execution, and interest; subject to the opinion of the Supreme Court upon the question, whether the insolvency of the judgment debtors is proper evidence to be received in mitigation of damages; and, if such evidence should be received, the court assessed the damages sustained by the plaintiff at five dollars. Exceptions by defendants.

*Starr* and *Seymour* for defendants.

1. The first count in the declaration charges the defendant for a *wilful* neglect and refusal to serve the execution, when he had an opportunity to serve it; See Rev. St. 75, § 21; *Walbridge* v. *Griswold*, 1 D. Ch. 163. By the statute the officer, in such case, is liable to a fine, and to " pay to the party aggrieved all damages thereby sustained, with costs." The declaration, being in the words of the statute, is founded on it, and the damages are to be ascertained by the rule derived from a just construction of the statute. *Fuller* v. *Fuller*, 4 Vt. 123.

2. If this is to be regarded as a declaration at common law, the case, as respects the rule of damages, is not to be distinguished from the action on the case against the sheriff for an escape, or for a false return of an execution, in which the defendant is not precluded from giving evidence to show the actual damage sustained by the

Goodrich *v.* Starr et al., Adm'rs.

plaintiff. 1 Saund. R. 38.  3 Stark. Ev. 1348.  *Bonafous* v. *Walker*, 2 T. R. 126.  2 Chit. Pl. 416, 739.  *Brooks* v. *Hoyt*, 6 Pick. 468. *Patterson* v. *Westervelt*, 17 Wend. 543.  *State Treasurer* v. *Weeks*, 4 Vt. 223.  *Benton* v. *Sulton*, 1 B. & P. 24.  *Frost* v. *Dougal*, 1 Day 128.  1 Swift 545.  *Fitch* v. *Smith*, 9 Conn. 42.  *Van Slyck* v. *Hogeboom*, 6 Johns. 270.  *Russell* v. *Turner*, 7 Johns. 189. *Selfridge* v. *Lithgow*, 2 Mass. 374.  *Colby* v. *Sampson*, 5 Mass. 310.  *Fuller* v. *Holden*, 4 Mass. 498.  *Weld* v. *Bartlett*, 10 Mass. 470.  *Rich* v. *Bell*, 16 Mass. 299.  *Isham* v. *Eggleston*, 2 Vt. 270. *Watkinson* v. *Bennington*, 12 Vt. 404.  *Bramble* v. *Poultney*, 12 Vt. 342.  *Bell* v. *Roberts*, 15 Vt. 741.

3. After a recovery against the officer, in an action on the case for not serving process, or for a false return, the debt remains against the original debtor, to be enforced at the option of the creditor. 1 Sw. Dig. 543.  *Russell* v. *Turner*, 7 Johns. 189.  *Fletcher* v. *Crooker*, 8 Vt. 314.  *Bonafous* v. *Walker*, 2 T. R. 126.

4. The cases, in which the officer has been precluded from giving evidence in mitigation of damages, are where there had been no return of the execution, or none within the life of the execution. *Hall et al.* v. *Brooks*, 8 Vt. 485.  *Turner* v. *Lowry*, 2 Aik. 72. *Watkinson* v. *Bennington*, 12 Vt. 404.  *Bramble* v. *Poultney*, 12 Vt. 342.  *Bank of Whitehall* v. *Pettes* 13 Vt. 395.

*Linsley & Wicker* for plaintiff.

1. The only question, in this case, is as to the rule of damages. It is insisted, by the plaintiff, that a voluntary escape, on final process, subjects the sheriff to payment of the whole debt. We conceive, that the practice in this state, for more than half a century, has been uniform and unvarying on this point; and this practice is in accordance with what is settled law in England.  *Hawkins* v. *Plomer et al.*, 2 W. Bl. 1048.  *Bonafous* v. *Walker*, 2 T. R. 126. *Porter* v. *Sayward*, 7 Mass. 377.  *Turner* v. *Lowry*, 2 Aik. 72. *Hall et al.* v. *Brooks*, 8 Vt. 485.  *Watkinson* v. *Bennington*, 12 Vt. 404.  *Bank of Whitehall* v. *Pettes*, 13 Vt. 395.

2. If the sheriff make a false return, he shall be liable for the amount of the execution.  *Ackley* v. *Chester*, 5 Day 221.

The opinion of the court was delivered by

REDFIELD, J.   After the decision of the cases of *Brooks* v. *Hall*, 8 Vt. 485, *Buckminster* v. *Fuller*, cited in *Ib.*, *Turner* v. *Lowry*, 2 Aik. 72, *Watkinson* v. *Bennington*, 12 Vt. 404, and *Bank of Whitehall* v. *Pettes*, 13 Vt. 395, it could hardly be expected, that this case should be subjected to any different rule of damages from that adopted in those cases.   There is no possible difference between this case and those, except that here the sheriff, in addition to wilfully neglecting to serve final process, made a false return.   This last circumstance could hardly be received in extenuation of the original neglect, without inviting falsehood and fraud.   The rule having been established by repeated decisions, it is hardly necessary to go into the reasons, upon which it is founded.

The rule of damages is certainly different from that, which obtains in England *in the action on the case* for neglects of officers, whether voluntary, or not; but not different from that which obtains there in the action of *debt*, under the statutes of 13 Edw. 1, c. 11, (usually called the statute of Westminster 2,) and that of 1 Rich. 2, c. 12.   And although we have not adopted, in our practice, that form of action, I know no reason, why we may not apply the same rule of damages to that class of cases, although in a different form of action.   It has been a rule, well understood and universally recognized in this State for more than thirty years, that an officer, who held final process against the body of a debtor, upon whom he might have served it, but who neglected to do so and " let it run out on his hands," or, having once had an opportunity to arrest the debtor, neglected to do so, and the debtor afterwards absconded, was *fixed with the debt*.   9 Pet. Abr. 93, and note.   5 Mod. 202. 2 Str. 901.

Judgment affirmed.