EZRA KIDDER *v.* GEORE W. BARKER.

A jailer is not liable for an escape, for not detaining a debtor, who is committed upon what appears, from the copy left with the jailer at the time of commitment, to be a void process. *He is not bound to look beyond his copy.*

In this case a debtor was committed to jail upon *mesne* process, and the copy, left by the committing officer with the jailer, showed *that the original* process was a writ of summons ; and it was held, that the jailer was not liable for an escape, for permitting the debtor to go at large.

Where neither the body nor property of a debtor are within the reach of a sheriff holding an execution, and the sheriff neglects to return the execution to the proper officer within its life, with his return of *non est inventus* indorsed thereon, he is liable to the creditor, for the neglect, only for *nominal* damages, unless the creditor can show that *actual* damages have in fact been incurred by him; and if so, the sheriff is liable for the actual damage.

*Semb.*, That if, in such case, the creditor give no evidence, that the body, or property, of the debtor was within reach of the officer, while he held the execution, the court will infer, that neither was within his reach, and that he is liable for nominal damages only.

TRESPASS ON THE CASE against the defendant, as sheriff of the county of Washington. In the first count in the declaration it was alleged, that a debtor had been committed to jail upon *mesne* process, at the suit of the plaintiff, and that the defendant, being by law keeper in chief of the jail, had suffered the debtor to depart from the jail, without the consent of the plaintiff, and that the plaintiff duly recovered judgment in his suit against the debtor, and took all other steps, necessary to charge the debtor in execution. The third count was for the neglect of the defendant to return, within its life, the execution obtained against the debtor in the same suit. Plea, the general issue, and trial by the court,—REDFIELD, J., presiding.

On trial the plaintiff gave in evidence the original writ in his favor against the debtor, and the return of a deputized officer thereon, showing that the debtor, for want of procuring sufficient bail, was committed to the jail in Washington county, and that a true and attested copy of the writ, with the officer's return indorsed thereon, was left by the officer with the keeper of the jail. The plaintiff also

gave in evidence a copy of the record of the judgment, obtained by him against the debtor in the same suit, and the execution which issued thereon, and proved that the execution was delivered to the defendant in due season to charge the debtor. And it was admitted, that the execution was not in fact returned into the office of the justice of the peace, whence it issued, until two days after its expiration. It appeared, also, that the jailer suffered the debtor to depart from the jail, before final judgment was obtained against him in the plaintiff's suit.

The defendant then offered in evidence the copy left by the officer with the jailer at the time of commitment, from which it appeared, that the original process, on which the commitment was made, was a writ of summons; to this evidence the plaintiff objected, but it was admitted by the court. There was no proof in the case, that the sheriff could have found any property, or the body, of the debtor, on which to levy the execution, from which the court inferred the fact that neither could be found by him, and that the plaintiff had suffered no damage, unless from the permitting the debtor to depart from the jail; and the court held, that the jailer might well permit the debtor to depart, on account of the defect in the copy left with him.

Judgment for the defendant. Exceptions by plaintiff.

*J. A. Wing* for plaintiff.

1. The return of the officer, who served the writ, that he had committed the debtor to jail and left a true and attested copy of the writ with the jailer, is conclusive; and the court below erred in admitting in evidence the copy offered by the defendant.

2. The execution not having been returned within its life, the plaintiff is entitled to recover some damages, at least nominal, and the only question is as to the amount of damages. *Watkinson* v. *Bennington*, 12 Vt. 404. *Turner* v. *Lowry*, 2 Aik. 75. *Hall et al.* v. *Brooks*, 8 Vt. 485. Rev. St. 75, § 22; 239, § 7. It is the right of the plaintiff to have his execution returned in season; and the officer, if he has failed to return it, cannot say, that the plaintiff has suffered no damage.

*L. B. Peck* for defendant.

1. The defendant is not liable for the escape of the debtor. The

commitment was made by a deputised person, and the copy left with the jailer showing upon its face that the original writ was a mere summons, it gave the defendant no legal right to retain the prisoner. The only authority a jailer has, to keep a person committed on civil process, is conferred by the copy of the process left with him. Beyond this he is not bound to look for his authority. If the process is merely *voidable*, the debtor must be retained. If it is *void* on its face, the jailer may suffer him to depart. Rev. St. 182, § 26. *Hill* v. *Wait*, 5 Vt. 124.

2. The decisions in this state have established the general rule, that in an action on the case against an officer for neglecting to execute an execution, he is liable for the whole debt. But, in all the cases which have been before the court, the writ might have been executed. In this case, the case shows that the debtor was not within the jurisdiction of the defendant, and that he had no property, on which the execution could have been levied. The defendant, therefore, could not obey the command of the writ. The return of the execution would have been a useless act. There was no bail to be charged, and the plaintiff has lost nothing.

The opinion of the court was delivered by

REDFIELD, J. Upon the count for suffering the debtor to depart from the prison, when the copy left with the jailer showed only a writ of summons, we think there is not sufficient ground for a recovery. The plaintiff must see, that he makes a legal commitment. For this purpose it is indispensable, that a copy of the process, upon which the commitment is made, be left with the jailer. The jailer is not bound to look *beyond* his copy. If that shows a defective process, he may well presume, that the process itself is defective; and he is not liable for an escape for not detaining the debtor, upon what appears to be a void process.

Upon the count for not returning the execution, there being no proof, that either the body or property of the debtor was within the reach of the officer, and the case showing that in fact they were not, we are certainly not prepared to say, that the case comes within the principle of *Turner* v. *Lowry*, 2 Aik. 72,—where the return of *non est inventus* was indispensable to charge the bail,—there being no bail in the present case. Nor do we see that the case is fairly

comparable to that of *Hall et al.* v. *Brooks*, 8 Vt. 485,—where the officer might have executed the writ, but took upon himself to control the precept, and where the court held, as they have in all similar cases, that the officer thereby made the debt his own and became liable for its full amount. These decisions seem to have proceeded upon the ground of a voluntary refusal to execute final process; and in all such cases it may be just, to hold that the officer makes the debt his own.

But in the present case, the return being merely formal, we do not think, that the omission to make it in time should subject the officer to the imputation of having wantonly assumed to control the final process of the court, and thereby charged himself with the debt.

But, the process being returnable, and not having been fully executed, so as to supersede the necessity of returning it,—as when the debtor is committed, or the debt collected,—and as it might be of some importance to the creditor to be informed, by the return of the officer, of the state of his demand, at the earliest time at which, by law, he could require it, and as the right to delay one day involves the right to delay indefinitely, we have concluded, that the better rule is, that the officer should be liable for nominal damages, for not returning the execution, and for so much more as have been suffered.

Judgment reversed.