ROBERT H. IVES v. ELIJAH G. STRONG.

The principle, decided in the case of *Kidder* v. *Barker*, 18 Vt. 454, recognized and affirmed.

This was an action upon the case against a sheriff, for neglect in not collecting and returning an execution against three debtors, running against the body and property of one of them, and against the property of the other two. The defendant offered to prove, in mitigation of damages, that the debtor, against whose body and property the execution was issued, was, during the entire life of the execution, without the 'precinct of the officer, in Canada, and that no one of the debtors in the execution had any property, but they were absolutely bankrupt, that there was no *bail* on the original writ, in the action in which the execution issued, and no property attached, and that the plaintiff had not been damnified;—and it was held, that the evidence should have been received, and that, if true, the plaintiff was only entitled to recover nominal damages.

TRESPASS ON THE CASE against the defendant, as sheriff, for the neglect of his deputy, Samuel S. Kimball, in not collecting and returning an execution in favor of the plaintiff against Alpha Allyn, Anne Allyn and Jonathan Briggs. Plea, the general issue, and trial by jury, December Term, 1845,—ROYCE, J., presiding.

It appeared, that the execution was issued against the body and property of Alpha Allyn, and against the property of the other two execution debtors. A question was made as to the regularity of the execution;—but as it was not decided by the supreme court, the evidence upon that point need not be detailed. The defendant offered to prove, in mitigation of damages, that Alpha Allyn, during the whole life of the execution, was without the precinct of the officer, in Canada, and that no one of the debtors in the execution had any property, but that they were absolutely *bankrupt*; that there was no *bail* upon the original writ, in the action in which the execution issued, and no property attached; and that the plaintiff had not been damnified. To this evidence the plaintiff objected, and it was excluded by the court.

Verdict for the plaintiff, for the full amount of the execution, with interest from the time of the commencement of this suit. Exceptions by defendant.

*T. P. Redfield* for defendant.

It is well settled, that, in an action against the sheriff for an *escape*, the plaintiff is limited to his *actual* damages, and the insolvency of the debtor is competent evidence. Rev. St. 455, § 13. *Treasurer of Vt.* v. *Weeks*, 4 Vt. 215. In an action on the case the usual rule of law requires the plaintiff to *allege* and *prove* his damages; yet in this case the plaintiff claims to recover damages, where none have been sustained. It is true, this court have held, in *Turner* v. *Lowry*, 2 Aik. 72, and in *Hall et al.* v. *Brooks*, 8 Vt. 485, that the plaintiff should recover the full amount of his execution;— but in the first case the ground of the decision seems to have been, that the plaintiff had lost his lien upon the *bail* by the neglect of the officer; and in the latter case the court seem to lay stress upon the fact, that the debtor was within the precinct of the sheriff, and the sheriff wilfully refused and neglected to execute the precept. But in the case at bar it was impossible for the sheriff to execute the precept, as commanded; and the ground of action is simply a non-return. What would have been the rule of damages, if the debtor had died, or had been sentenced to state's prison, or transported beyond seas, or—which is this case—had expatriated himself? Rev. St. 75, §§ 21, 22. 15 Johns. 454.

*E. Paddock* for plaintiff.

The phraseology of the Revised Statutes, as to the liability of a sheriff for not returning an execution, is the same with that of the statute of 1797; and our courts have uniformly adjudged, that the amount of the execution and interest should be the rule of damages. Tol. St. 312, § 10. Slade's St. 203, § 10. Rev. St. 75, § 21. The execution debtor might have been out of the state during the life of the execution by connivance with the officer; neither that fact, nor the poverty of the debtors, prevented the officer from returning the execution. In relation to the rule of damages *Turner* v. *Lowry*, 2 Aik. 72, may be regarded as a leading case, as it reverses *Stevens* v. *Adams*, Brayt. 29. And see, to the same effect, *Hall et al.* v. *Brooks*, 8 Vt. 485, and *Watkinson* v. *Bennington*, 12 Vt. 404.

Nye et al. *v.* Kellam.

The opinion of the court was delivered by

Davis, J. The recent case of *Kidder* v. *Barker*, 18 Vt. 454, recognizing an exception to the well established rule in this state, that, in actions on the case against sheriffs for not collecting or returning final process, the plaintiff is entitled to recover the full amount of the execution, must control the present case. The two cases are almost precisely the same,—at least so far as respects Alpha Allyn, the principal execution debtor. Assuming the facts, offered to be proved in respect to the other two debtors, to be true, as we must for the present purpose, there can be no question, but that the whole case falls within the admitted exception. The testimony offered in the county court, and excluded, should have been received.

As this opens the case for trial, it becomes unnecessary to pass upon the objection raised against the regularity of the execution.

The judgment of the county court is reversed, and the case remanded for trial, unless the plaintiff consents to take a judgment for nominal damages and costs; in which case the judgment, so modified, will be affirmed, with costs to the defendant in this court, to be deducted from the plaintiff's costs.

The plaintiff's counsel declined taking a judgment for nominal damages, and the case was remanded.