## HALL & CHASE v. E. E. SIMPSON.

*Written statement of facts found by court. Exceptions.*

No. 56, Acts 1888, provides that when a case is tried by court, which might have been tried by jury, a written statement of facts signed by a majority of the court shall be filed with the clerk before exceptions are allowed. *Held*, that in such case no exceptions can be properly allowed until after the filing of such written statement, and that a bill of exceptions, which purports to, but does not contain such statement of facts, cannot be amended after the time limited for filing exceptions, by inserting it.

Action, trespass and trover. The defendant justified under a tax warrant. Trial by court at the June term, 1890, Powers, J., presiding. Judgment for the plaintiff. The defendant excepts. The plaintiffs moved in Supreme Court to dismiss the exceptions.

The case appears in the opinion.

*Bates & May*, for the defendant.

The first bill of exceptions was seasonably filed. The second bill was merely in amendment of the first.

*Geo. W. Cahoon* and *W. P. Stafford*, for the plaintiffs.

The exceptions should be dismissed. No bill of exceptions could be allowed until a written statement of facts was filed, which was more than thirty days after the rising of court.

The opinion of the court was delivered by

MUNSON, J. This case was tried by the court at the June term, 1890. At the close of the term, by agreement of the parties,

it was left with the court for judgment, and judgment therein was entered August 11th. It is not claimed but that, as regards this case, the term is to be treated as ending on that day. In this view, the bill of exceptions was to be signed by the presiding judge, and be filed with the clerk within thirty days from that date. R. L. 1388.

No. 56, Acts of 1888, provides that when a case in which a trial by jury might have been had is tried by the court, the facts found by the court as the basis of its judgment shall be reduced to writing, be signed by a majority of the members of the court, and be filed with the clerk, before exceptions are allowed. This provision obviously limits the time within which the finding of facts is to be filed, to that allowed for the filing of exceptions.

On the 11th of August, the day that judgment was entered, there was filed a bill of exceptions, signed by the presiding judge, which was framed to contain a statement of the facts, but in which no facts were inserted. On this was endorsed a statement signed by a majority of the judges, "that the court found the facts as recited in the within bill of exceptions." On the 19th of September, there was filed another bill, signed by the presiding judge and one of the assistant judges, which embodied a statement of the facts, and recited that such bill of exceptions and findings of fact were in substitution for, and in addition to, what had been previously filed.

This procedure cannot be considered a compliance with the law, unless it be held that a statement of facts prepared after the time allowed for filing, can be substituted for a seasonably filed statement signed in blank. It has always been understood that if the exceptions filed in accordance with R. L. 1388, were an incomplete or inaccurate statement of the case as tried, they could be amended after the expiration of the thirty days. It is now contended that this right of amendment extends to the statement of facts required by the act of 1888. But we think the terms of the act are inconsistent with this view. The requirement is ex-

Hall & Chase *v.* Simpson.

plicit, that the facts shall be written out, signed and filed, " before any bill of exceptions shall be allowed," and the intention of the Legislature to confine the case strictly to the statement filed within the thirty days is apparent from every provision of the act.

Neither on the day when exceptions were first filed, nor on the last day of the period within which it was necessary that exceptions should be filed to give this court jurisdiction, had the facts in the case been reduced to writing by the judges. The statement embodied in the bill subsequently filed cannot be accepted as a fulfilment of the statutory provision, and the act plainly requires that when there has been a failure to comply with its provisions the exceptions shall on motion be dismissed, and the judgment below be affirmed.

*Motion sustained, exceptions dismissed, and judgment affirmed.*