THE BANK OF NEWBURY v. CHARLES C. P. BALDWIN.

*Sheriff. Officer. Execution.*

A deputy sheriff received an execution for collection, and partially satisfied it by a levy on personal property which had been attached upon antecedent process in the same suit. The officer was not directed to levy the execution on real estate. Before sufficient time had elapsed after the date of the execution to allow such personal property to be sold upon it, all the debtor's real estate was attached and subsequently levied upon by another creditor. The officer neglected to make further service of, or to return the execution in the first suit, but the debtor in fact had no other attachable property than the real estate and personal property above mentioned. In an action against the sheriff for the neglect of the deputy in not levying the execution upon the debtor's real estate, and in not serving and returning the execution according to law, *Held,* that the officer was not bound to levy the execution upon the real estate until a sufficient time had elapsed to sell the personal property; and also that the defendant was liable only in nominal damages for the neglect of the deputy to return the execution within its life.

*Quære,* whether it is ever the duty of an officer to levy an execution on real estate without directions to that effect from the creditor.

A direction from the creditor to an officer to attach the defendant's real estate upon the writ, does not constitute a request to levy the execution upon the debtor's real estate, if one should be issued.

CASE against the defendant, the sheriff of Orange County, for the neglect of his deputy, Nelson B. Stevens, in not serving and returning an execution in favor of the plaintiffs against one Witherspoon, and also in not levying the same upon Witherspoon's real estate.

The case was tried at the June Term, 1856, of the Orange County Court,—POLAND, J., presiding,—upon an agreed statement of facts, which are sufficiently set forth in the opinion of the court.

The county court rendered judgment in favor of the plaintiffs for nominal damages, to which the plaintiffs excepted.

*Charles C. Dewey,* for the plaintiffs.

*A. M. Dickey* and *J. W. Batchelder* for the defendant.

PIERPOINT, J. This is an action against the defendant, as sheriff of Orange County, for the neglect of his deputy in not

serving and returning an execution in favor of the plaintiffs against one Witherspoon.

The declaration charges neglect in not levying the execution on the real estate of the said Witherspoon; and also in not serving and returning it as required by law.

It appears from the case as made up, that when the deputy served the writ in the suit in which the judgment was obtained upon which the execution issued, he was directed by the plaintiffs to attach the personal and real estate of the defendant therein. He did attach the personal property, but failed to make a legal attachment of the real estate, or to create any lien thereon, although he made a return upon the writ that he had done both.

That afterwards, on the 13th of January, 1855, a judgment was rendered in favor of the plaintiffs, on the confession of Witherspoon, and on the same day an execution was issued on this judgment, and placed in the hands of the deputy to serve and return; the deputy took the personal property which he had attached on the original suit, disposed of the same according to law, and paid the proceeds thereof to the plaintiffs. At the time the deputy received the execution, Witherspoon had real estate in the town of Newbury, on which the execution might have been levied, and this fact was known to the deputy. The plaintiffs did not give directions to have it levied thereon, and the deputy did not do it.

On the 26th of January, 1855, Witherspoon's real estate was attached on a writ issued in the name of the plaintiffs in this suit against Witherspoon; but the proceeding was really for the benefit of one Chadwick, who was liable on the note on which such attachment issued, as surety for Witherspoon, and who had paid the note to the plaintiffs before the writ issued.

Chadwick was also holden to the plaintiffs as surety for Witherspoon on the demand upon which the first attachment issued. A judgment was obtained against Witherspoon in the second suit, execution was issued thereon, and was subsequently levied upon Witherspoon's real estate, and the whole of his interest therein was set off in part satisfaction of the execution.

The first question that arises in this case, is, was the deputy guilty of a neglect of his duty in not levying the execution which

he received on the 13th of January, on the real estate of Witherspoon, before the same was attached on the 26th of January?

The case has been discussed mainly on the supposition that it was the duty of the deputy to levy the execution on the real estate, and that the defendant in this case was liable by reason of his neglect to do so, and the efforts of counsel have been directed principally to the question whether the facts of the case are such as to show that the plaintiffs have really sustained damage in consequence thereof. But if the deputy was not by law bound to levy the execution on the real estate, then there was no neglect on his part in this respect, and, in connection with this branch of the case, the question of damages becomes immaterial.

By our statute it is the duty of the officer, on the receipt of an execution, to make a demand of payment, and on failure of the debtor to pay, it is then made his duty to levy such execution on the personal property of the debtor, and dispose of it in the manner directed by the statute. This it is his duty to do without any special directions from the creditor.

By the 19th sec. of chapter 45 of the Compiled Statutes, it is provided that the real estate of the debtor shall stand charged with his debts, as well as his personal estate, and be liable to be taken in execution for the same *at the election* of the creditor, unless the debtor shall tender personal estate sufficient to satisfy the execution.

The 21st section provides that " when an officer holding an execution for collection *shall be directed by the creditor*, his agent or attorney, to levy the same on the real estate of the debtor, he may lodge in the office, where by law a deed of such real estate is required to be recorded, a certified copy of such execution, with a certificate thereon, under his hand, stating that he is *directed* to levy the same on such real estate, etc.

We think it apparent that it was not the intention of the legislature to make it the duty of the officer, holding an execution, to levy it upon the real estate of the debtor by leaving a copy of such execution in the town clerk's office, as provided in the 21st section, so as to create the lien thereon, except when directed to do so by the creditor; thus leaving it to the creditor to say whether the execution shall be paid in land, at the appraisal of

men, or not.   To adopt a different construction, we think, would be doing violence to the language of the statute, and at variance with the construction which has been universally put upon it by the bar ;  and the result would be that almost every execution that was put into the hands of an officer, would be levied on the real estate of the debtor, whether the creditor desired it or not, unless the officer was specially directed otherwise.   The officer would have no other way of certainly protecting himself against future liability.

Whether or not a case might arrive where, under its peculiar circumstances, it would be the duty of an officer to set off the real estate of the debtor on an execution without directions from the creditor, it is not necessary for us now to determine, as we think it quite clear that this is not such a case.   The officer received the execution on the 13th of January; personal property had been attached on the original writ which it was his duty to take and dispose of on this execution; and until that was done he could not know what amount of the demand would remain unsatisfied, if any.   And between the time of receiving the execution and the attachment of the debtor's real estate on the second writ in favor of the plaintiffs, on the 26th of January, sufficient time had not elapsed within which such personal property could have been legally sold.

The fact that the officer was directed by the plaintiffs to attach the real estate on the original writ, can have no bearing on the question now before the court; as such direction can not be regarded as a direction to the officer to extend the execution when received by him, on such real estate, as it by no means follows that because the creditor directs the real estate of the debtor to be attached on the writ, he expects or desires to take it upon his execution.

And if the deputy was guilty of neglect of duty in not so serving the original writ as to create a lien upon the real estate of the debtor, as directed, that fact can not aid the plaintiffs in this suit, inasmuch as they allege in their declaration that the deputy did attach the real estate on the original writ, and charge neglect only in that he did not levy the execution thereon, and serve and return it according to law.

After the deputy had sold the personal property which he had taken, and applied the proceeds on the execution, it was then his duty to collect the balance due, if practicable, or return the execution within its life; the case shows that he did neither. This was clearly such a neglect of duty on the part of the deputy as makes the defendant liable in this action. The question then arises, what damage has the plaintiff sustained in consequence of such neglect?

The case, as made up, shows that Witherspoon, the debtor, had no property that the deputy could have made available for the payment of the balance due on the execution, except the real estate. There was no neglect, then, on the part of the deputy in not collecting the balance of the execution. The neglect consists solely in the failure of the officer to return the execution within its life. There is nothing in the case tending to show that the plaintiffs could have been, or could have placed themselves, in any better position, if the execution had been returned, than they now occupy, or that they have sustained any damage in consequence of such neglect. And the rule being well settled in this State, that all the creditor in such cases is entitled to recover, is nominal damages; *Kidder* v. *Barker*, 18 Vt. 454; *Ives* v. *Strong,* 19 Vt. 546; and such having been the judgment of the court below, that judgment must be affirmed.