Per Curiam.

It appears that the "defendant made a bona fide attempt to surrender the principal, before the return of the capias, which was frustrated. The principal was afterwards imprisoned for life, and had the surrender been completed, it could not have benefited the plaintiff. The rule must be made absolute, on payment of costs.(a)
Rule granted.

 So when the principal has been convicted of felony and sentenced to imprisonment in the state prison of another slate for a long term of years, Lofflin v. Fowler, 18 Johns. R. 335 ; but not when the sentence was to the penitentiary for two years. Phenix Fire Ins. Co. v. Mowatt, 6 Cowen, 599. See Begnill v. Forrest, 2 Johns. R. 482. But it is no cause for exonerating bail that the principal has become insane and is confined in a hospital. Bowerbank v. Payne, 2 Wash. C. C. R. 464. For the rule in Massachusetts, see Bigelow v Johnson, 16 Mass. R 218; in Connecticut, Ruggies v. Clarey, 3 Conn. R. 419.