Per Curiam.

The facts set forth in this plea are not sufficient to discharge bail, (a)

Plea in bar adjudged bad.

 Where the principal had been impressed in his majesty's service, it was held, that the bail were entitled to an exoneretur. — Robertson vs. Patterson, 7 East, 405. — 3 Smith, 556. — So when the principal was made a peer, (Trinder vs. Shirley, 1 Dougl. 45,) or had been elected a member of the House of Commons. — Langridge vs. Flood, 4 East, 190.— 1 Tidd. 314, 7th ed.
The defendant being in custody on an extent at the suit of the crown, affords no ground for application for an exoneretur. — Hodgson vs. Temple, 1 Marsh, 166. — 5 Taunt. 503. — In Folkein vs. Critico, (13 East, 457,) where the principal was in custody under an order of the secretary of state for the home department, for the purpose of being sent out of the kingdom under the alien act, the court refused to discharge the bail, on the ground that, by possibility, he might be again set at liberty.— See 4 Burr, 2034 — 6 T. R. 247. — 7 East, 405. — But after he has been sent out of the country, they may be exonerated.—Merrick vs. Vaucher, 6 T. R. 50. — Where the principal was under sentence of transportation for felony, it was held, that the bail were entitled to an exoneretur.— Wood vs. Mitchell, 6 T. R. 247. — Where defendant, after giving bail, was taken in custody on a charge of murder in Ireland, where a bill had been found against him, and was about to be sent there for trial, the bail were allowed to have a writ of habeas corpus, to bring him and surrender him in their discharge, the court being of opinion that they could not enter an exoneretur without a previous surrender. — Sharp vs. Sheriff, 7 T. R. 226. — Daniel vs. Thomson, 15 East, 78. — But the defendant being detained abroad by the act of a foreign state affords nc ground for discharging the bail. — Grant vs. Faxon, 4 East, 190. — See 15 East, 457. — In Parker vs. Chandler, (8 Mass. Rep. 264,) it was held, that bail were not exonerated by reason of the confinement of the principal in the state prison for felony. But, in *140 Bigelow vs. Johnson & Al., it is said the bail may have a habeas corpus in such case, to bring up the principal and surrender him in discharge of their obligation. In this last case, the principal having been committed to prison by his bail, pursuant to the statute of 1817, c. 146, and having previously to notice thereof to the creditor, which was duly given, been arrested upon a warrant for a felony, of which he was after-wards indicted, convicted, and sentenced, and sent to the state prison before judgment in the civil action, so that he could not be taken in execution thereon, —.it was held, that the bail were thereby discharged. In Cathcart vs. Cannon, (1 Johns. Cas. 28,) it was held, that bail were entitled to an exoneretur when the principal was committed to prison for life for a felony. In Lofkin & Al. vs. Fowler, (18 Johns. 335,) it was held, that, where the principal had been convicted of passing counterfeit money, and sentenced to the state prison in Vermont for thirteen years, his bail, in a suit in New York, were entitled to be discharged. In Bignell vs. Forrest, (2 Johns. 482,) it was held, that, where the principal had been committed to prison on a charge of forgery, he might, at the instance of his bail, be brought up by a writ of habeas corpus, and surrendered in discharge of the bail. But where the principal had been convicted of a conspiracy, and was sentenced to the penitentiary for two years, the court refused to relieve the bail, saying they had never done so except when the commitment was for life, or a long term of years. — Phenix Ins. Co. vs. Moffat, 6 Comen, 599. — The court will not allow an exoneretur to be entered on the bail piece merely because the defendant has become a lunatic. — 6 T. R. 133, Lofl. —13 East, 355. — Bowerbank vs. Payne, 2 Wash. C. C. R 464.