* Parker, C. J.
The only question presented by the [ * 219 ] pleadings in this case is, whether the defendants have complied with the statute of 1817, c. 146, by arresting the principal debtor, committing him to prison, and giving the requisite notice to the plaintiff, his creditor. All these facts are averred in the plea in bar; and they are attempted to be avoided in the replication, by averring that Dalton was at that time in prison, on a copias issued in behalf of the commonwealth, for an alleged felony.
Now, this is no answer to the bar; for a man in prison, although for crime, may be served with civil process, and be technically arrested. It is true, that the proceedings at the suit of the commonwealth may eventually supersede the imprisonment on civil process ; and so they might, if the culprit had been previously confined on civil process. The arrest is legal, notwithstanding, and the subsequent disposition of the person arrested is by public authority, for a public purpose ; to which private interests must always yield. All the purposes of the statute, which was made for the relief and secu rity of the bail, are answered by the information to the gaoler, that the person is to be detained upon civil process, in case of a discharge or acquittal on the criminal prosecution. Should he be convicted, and in execution of his sentence be taken out of the hands of the gaoler, there is surely no reason why the bail should suffer, rather than the creditor. The arrest and notice are made, by the statute, equivalent to a surrender in court, as to the liability of the bail.
By the tenor of the authorities cited for the defendants, it appears that after conviction of a crime, the debtor may be brought in upon habeas corpus, and surrendered; and there seems to be no reason why, after sentence, one might not be brought from the state prison, and surrendered in discharge of his bail. It is true, the creditor cannot, by his execution, take the debtor from his proper place of confinement, and cause him to be committed to the county gaol; but he may, by renewing his execution, *do [ * 220 ] this at the expiration of the term of punishment: and if that should be for life, or a long term of years, the evil would be no other than if a debtor, surrendered by his bail, should have com- *186 milled a capital offence, and should be taken out of the hands of his creditor to be executed.
T'ne case of Parker vs. Chandler has been cited for the plaintiff, as proving his right to recover on the facts stated in the pleadings. It is there briefly stated that, on scire facias against bail, it is no excuse to say that the principal is confined in the state prison for crime ; and that nothing but the act of God can excuse in the case of bail. This may be, although it is perhaps broadly laid down. It is one thing to excuse bail, and another to discharge them upon surrender of the principal. Notwithstanding that decision, we apprehend that bail might have a habeas corpus for the principal in the state prison, and surrender him (2).

Replication adjudged bad.

 [Wood vs. Mitchell, 6 D. & E. 247. —Robertson vs. Patterson, 7 East, 407, 408. —Sharp vs. Sheriff, 7 D. & E. 226. —Daniel vs. Thomson, 15 East, 78. —Bennett vs. Kinnear, 3 B. Moore, 59. The King vs. Johnson, 6 East, 583. —2 Smith, 591. —Cathcart vs. Cannon, 1 Johns. Cas. 28. —Loflin & Al. vs. Fowler, 18 Johns. 335. —Bignell vs. Forrest, 2 Johns. 482. —Phoenix Company vs. Moffatt, 6 Cowen, 599. —Bowerbank vs Payne,2 Wash. C. C. R. 464. —Saybard & Al. vs. Conant Al. 11 Mass. 146, note.—Ed.]