# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTIES OF SUFFOLK AND NANTUCKET,
### MARCH TERM 1843, AT BOSTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES A. DEWEY, ⎬ Justices.
Hon. SAMUEL HUBBARD, ⎭

---

SAMUEL A. WAY *vs.* ISAAC H. WRIGHT & another

It is a good defence to a writ of *scire facias* against bail, that the principal, after they became his bail, was convicted of a crime, and is imprisoned on sentence. In such case, the bail need not bring the principal into court, on *habeas corpus*, to be surrendered, but they will be discharged on motion.

THIS was a writ of *scire facias* against bail, dated December 11th 1840. The case was submitted to the court of common pleas, on the following facts :

The defendants, on the 22d of February 1840, became bail for Martin T. Draper, in a suit brought against him by the plaintiff, in which suit the plaintiff recovered judgment against said Draper, at the July term 1840, of the court of common pleas in this county, for $392.73, debt or damage, and costs of suit. Execution issued on said judgment, August 10th 1840, and was delivered to an officer for service, who returned the same wholly unsatisfied, when it was, by law and the precept thereof, returnable, with an indorsement thereon that he had made diligent search for the goods and chattels of said Draper, and also for his body, but could find neither.

Way v. Wright & another.

At the May term, 1840, of the court of common pleas, held in the county of Worcester, said Draper was convicted of the crime of perjury, and was sentenced to five years' confinement at hard labor in the state prison, and has ever since been, and now is, in said prison, in execution of said sentence.

The crime of perjury, of which said Draper was convicted, as aforesaid, was committed in the county of Worcester, in December 1839 ; and the plaintiff, Way, was the complainant in the prosecution, and a witness on the trial of said Draper for said crime.

The defendants have moved this court for a writ of *habeas corpus*, to be directed to the keeper of the state prison, commanding him to have the body of said Draper in court, at such time as they shall fix upon, that the defendants may, upon payment of the costs of this suit, formally surrender said Draper in court, and be discharged from further liability ; which motion has been refused and overruled.

On these facts, the court of common pleas rendered judgment for the defendants, and the plaintiff appealed to this court.

This case was argued at the last March term.

*Crowninshield*, for the plaintiff.

*Washburn*, for the defendants.

HUBBARD J. The original defendant, Draper, being removed beyond the control of his bail, the plaintiff contends that this is an avoidance, and that the present defendants should be charged on their bond ; and although their inability to surrender him arises from his confinement in the state prison, yet that this furnishes no legal defence to the action.

Numerous authorities have been cited by the counsel, in the argument of this case. Many of them, however, have only a collateral bearing on the question to be decided. They relate to certified bankrupts ; to debtors who are lunatics ; to persons impressed ; to aliens sent out of the realm ; to persons voluntarily enlisting in the army or navy; and to other causes not connected with imprisonment for crime, in consequence of which the bail were unable to surrender their principals.

The cases, upon which the counsel for the plaintiff appears

to have more fully relied, are those of *Fowler* v. *Dunn*, 4 Bur 2034; *Phœnix Fire Ins. Co.* v. *Mowatt*, 6 Cow. 599, and *Par ker* v. *Chandler*, 8 Mass. 264. In that of *Fowler* v. *Dunn*, a *habeas corpus* was moved for, on behalf of the bail, to bring in the defendant, who was convicted of felony, and was on ship-board, about to be transported. The motion was refused by the court, on the ground of inconvenience, as the vessel was ready to sail and much delay might be occasioned by it. And the court added, that the bail might as well move for the *habeas corpus* after actual transportation, as the king's writ runs into the colonies.

In regard to this case, it may be said to rest on its own pecu-liar circumstances; the court not questioning their power to issue the writ, nor that the party moving for it could have had the benefit of it, if the vessel had not been about sailing. This is apparent from the case of the *Bail of Peter Vergen*, 2 Stra. 1217. See also *Folkein* v. *Critico*, 13 East, 457.

The case of the *Phœnix Fire Ins. Co.* v. *Mowatt* was this: The defendant was sentenced to the penitentiary for two years, and the court refused to enter an exoneretur on the bail piece, on the ground of its being a temporary imprisonment. But the court add, that time may be given for a surrender, if the bail are pressed with a suit. In this case, no process was pending against the bail, and the court refused to relieve in a summary manner; but it is obvious from their concluding remark as to time, that they did not consider the bail remediless. And as to giving time, see *The People* v. *New York Common Pleas*, 2 Wend. 263.

A case was also cited from 5 Call, 296, *Ross* v. *Randolph*, in which a plea by the special bail, that the principal was con-fined in jail for debt, in Philadelphia, was held unavailing; the court considering that the bail took the risk upon themselves arising from acts of the principal of a civil nature; but if he had been confined for the punishment of a crime, the court held that the bail would have been entitled to relief.'

But the case on which the plaintiff mainly relies is that of *Parker* v. *Chandler*, 8 Mass. 264. It was an action of *scir*

*facias* against the bail of one Sprague ; and it was agreed that he was chargeable, unless he was excused from surrendering his principal, in consequence of his being a convict in the state prison. The court observed, " that nothing but the act of God can excuse in the case of bail," and the defendant suffered judgment to go against him by default. It would seem from the report, that this case was not much considered. The position, that only the act of God can excuse in the case of bail, is hardly tenable, unless all acts are referred to him mediately. Bail are excused from surrendering the principal, by the act of the law , as where the debt is discharged by a certificate of bankruptcy. And so by the act of the government ; as where an alien, who has been held to bail, is sent out of the realm, or a seaman 'is impressed into the government service. Bac. Ab. Bail in Civil Causes, D. 1 Tidd's Pract. (1st Amer. ed.) 243.

But the decision, in the case of *Parker* v. *Chandler*, is not in accordance with decisions in England, nor with those in the State of New York ; and its authority has been much shaken, if not entirely overruled, by the case of *Bigelow* v. *Johnson*, 16 Mass. 218. This was also *scire facias* against bail ; and to a plea in bar, the plaintiff replied that the principal was a convict in the state prison, and so the body could not be taken in satisfaction of the execution. And in support of the replication the counsel relied on the case of *Parker* v. *Chandler*. The court adjudged the replication bad on demurrer, and Parker, C. J. in giving the opinion of court, and commenting upon the case cited, says, " it is one thing to excuse bail, and another to discharge them upon surrender of the principal. Notwithstanding that decision, we apprehend that bail might have a *habeas corpus* for the principal in the state prison, and surrender him."

On the part of the defendants, it is contended, that the principal has been taken from their custody and placed beyond their control, by the act of the law, in the execution of a criminal sentence, and this without their participation or fault ; and that a surrender of the debtor's body would be without any possible benefit to the creditor, and but an idle ceremony, as the prisoner would be immediately remanded ; that under such circum-

stances, they are not chargeable with the debt, but are entitled to be relieved on motion ; as the act of the law, which they could not control, is equivalent in this respect to the act of God.

In support of this position, the defendants' counsel has cited various authorities from English and American books. The case of *Peter Vergen's Bail,* already cited, is a leading authority on the subject. There, the convict, having a civil action depending against him, was brought up by *habeas corpus,* and surrendered in discharge of his bail. In *Wood* v. *Mitchell,* 6 T. R. 247, the principal was convicted of felony and sentenced to transportation ; and on motion of the counsel for the bail, an exoneretur was entered on the bail piece, without subjecting the party to the expense of a *habeas corpus.*

In the case of *Sharp* v. *Sheriff,* 7 T. R. 226, the defendant was arrested at the suit of the plaintiff, and bail was put in. Afterwards he was committed to prison on a charge of murder ; and on motion of the counsel for the bail, a *habeas corpus* was granted to bring the prisoner in to be surrendered in discharge of his bail. In *Biggnell* v. *Forrest,* 2 Johns. 482, the defendant was in prison on a charge of forgery, and was brought up on *habeas corpus* by his bail. After his surrender to the sheriff, the court ordered an exoneretur to be entered on the bail piece. In *Cathcart* v. *Cannon,* 1 Johns. Cas. 28, the principal having been convicted and sentenced to the state prison for life, the court, on motion of the counsel for the bail, ordered an exoneretur to be entered. In *Loflin* v. *Fowler,* 18 Johns. 335, the defendant was convicted of a crime in Vermont, and sentenced to the state prison in that State ; and on motion of the counsel for the bail, an exoneretur was entered on the bail piece. See also 2 Wend. 263. *Dixon* v. *Vanezara,* 1 McCord, 373, and *Bigelow* v. *Johnson,* 16 Mass. 218.

It was argued by the plaintiff's counsel, that if the defendants were entitled to relief in this case, it could only be by obtaining a writ of *habeas corpus,* and surrendering the prisoner in court, in discharge of their liability ; and for this he cited *Bigelow* v. *Johnson,* in which the court say, that the bail might have

a *habeas corpus* for the principal in the state prison, and surrender him. We have no doubt such a course is perfectly proper ; but we do not think it was intended, by that decision, to hold that it was the only course by which the bail, in such a predicament, could be released from their obligation. The question then before the court arose upon the pleadings, and did not require an examination into the different modes by which the bail could be relieved. And we think, upon the weight of authority, as well as upon sound reason, that bail, in a case under circumstances like the present, may be relieved on motion.

From the cases cited it appears that where a party is committed to prison on a charge of felony, a *habeas corpus* will be granted, on motion of the bail, to enable them to surrender their principal ; but that where the party is in prison under sentence as a convict, an exoneretur will be entered on the bail piece, upon motion. And the reason for the distinction is this ; that when the party is confined under a charge only of felony, he may be acquitted, and his creditor may derive some benefit from taking him on his execution ; but when he is in prison under sentence, the creditor can derive no advantage from his execution, as the prisoner will be immediately remanded. In such a case, a *habeas corpus* is an unnecessary expense ; and, as in England and in New York, the court in such cases direct an exoneretur to be entered on the bail piece ; so under our practice of *scire facias* against the bail, we think a proper and the most expedient course is, to discharge the bail on motion.

The law on this subject we consider to be this ; where by the act of God, or the act of the government, or by sentence of the law, the principal is removed or taken from the custody or control of the bail, before they are fixed, so that they cannot surrender him, to enable the creditor to charge him in execution, and that without any fault on their part, then the bail are entitled to their discharge, as is well expressed by Mr. Dane, in his Abridgment, Vol. V. p. 290.

Under this view of the law, we think the court of common pleas were correct in their discharge of the defendants.