### SEYMOUR BELKNAP *v.* JOSEPH E. DAVIS.

A record of proceedings in bankruptcy, in the dsitrict court, must be received as evidence of every fact, which can be reasonably *inferred* from the entire record.

In *scire facias* against bail on *mesne* process, the bail may plead, as a defence, that the principal received a certificate of discharge in bankruptcy before the bail became fixed by a return of *non est inventus* upon the execution.

SCIRE FACIAS against the defendant, as bail for one Pliny E. Davis upon *mesne* process in favor of the plaintiff against said Pliny. The plaintiff alleged, that he recovered judgment in his suit against Pliny E. Davis on the first day of November, 1842, and that the execution which was obtained against him was returned *non est inventus* December 30, 1842. The defendant pleaded in bar, that Pliny E. Davis, after the rendition of the judgment in favor of the plaintiff against him, and before the execution was returned *non est inventus*, to wit, December 26, 1842, obtained a discharge in bankruptcy, under the Act of Congress of 1841, by decree of the district court of the United States for the southern district of New York,—setting forth in the plea, with particularity, all the proceedings. The plaintiff replied, that by the rules of said district court it was provided, that notice of the application for a

Belknap v. Davis.

discharge, by a bankrupt, should be given to the creditors, either personally, or by letter sent by due course of mail, and that the said Pliny E. Davis did not give to the plaintiff any such notice, but fraudulently neglected and omitted so to do. The defendant rejoined, that the said Pliny E. Davis did give notice of his petition for discharge to the plaintiff, agreeably to the order and rules of the said district court ;—and upon this issue was joined. Trial by the court,—Kellogg, J., presiding.

On trial the defendant produced in evidence a transcript of the record of the proceedings of the district court upon the application of Pliny E. Davis to be decreed a bankrupt and discharged; and in the certificate of the clerk it was stated, that he had given notice to several of the creditors of the bankrupt, by depositing in the post office a letter, a copy of which was annexed, directed to each of said creditors, respectively, and it was then stated, that he had " deposited in the post office directed to Seymour Belknap, of," &c., without stating what he had so deposited. The court, from this evidence, found the fact, that notice was given to the plaintiff, as alleged in the rejoinder.

The plaintiff moved for judgment, for the insufficiency of the plea; but this motion was overruled by the court and judgment rendered for the defendant. Exceptions by plaintiff.

*O. P. Chandler* and *S. R. Streeter* for plaintiff.

The record offered furnished no evidence of notice to the plaintiff. The certificate might be strictly true, and yet no notice have been sent to the plaintiff.

The plea, if true, was insufficient to constitute any defence. The plea of bankruptcy is a personal defence, which the bankrupt alone may set up, like the plea of infancy. The original debt is not so wholly discharged and cancelled, but that it is a good ground of recovery, that there has been a new promise, or a waiver of the plea of bankruptcy. If the bankrupt had been surrendered and committed to jail, trespass could not have been sustained against the plaintiff. The execution not being void, but only voidable, the plaintiff was entitled to have the debtor surrendered. *Donnelly* v. *Dunn*, 1 B. & P. 449. *S. C.*, 2 Ib. 45. 1 Chit. Pl. 407. *Scholey* v. *Mearus*, 7 East 153.

*R. Walker* and *S. W. Slade* for defendant.

The rejoinder fully answers the replication, and the issue has been found for the defendant. The plea, then, stands as substantially true. If, at this stage of the proceedings, the plaintiff is entitled to any right under his motion, it must be upon the ground, that the plea is *radically defective.* A judgment *non obstante* is always upon the merits and never granted but in a very clear case. 1 Chit. Pl. 696. The statute contemplates a defence for bail. Rev. St. c. 28, § 28. Under our practice the proper manner for the bail to avail himself of such defence is by plea. *Van Ness* v. *Fairchild,* 1 D. Ch. 153. *Mattocks* v. *Judson,* 9 Vt. 343. *Aiken* v. *Richardson,* 15 Vt. 500. After the principal had been discharged in bankruptcy, his surrender by the bail could be no advantage to the creditor,—*Comstock* v. *Grout,* 17 Vt. 512; *In re Cheney,* 5 Law Rep. 21,—and the bail was not bound to surrender him. 15 Vt. 500.

The opinion of the court was delivered by

KELLOGG, J. This was an action of *scire facias* against the defendant, as bail on *mesne* process for one Pliny E. Davis. The defendant pleaded the discharge and certificate of his principal, as a bankrupt, setting forth all the proceedings in the court, where the discharge was obtained, anterior to the certificate. Upon this plea issue was taken, denying that any notice was given to the plaintiff of the application for a discharge. Upon the trial of the issue, the only evidence, introduced in support of the plea, was the record of the proceedings in the district court, upon the application of Pliny E. Davis to be declared a bankrupt and discharged from his debts.

The objection taken, that the record is defective and does not show any notice to the plaintiff, inasmuch as it does not show, that the paper deposited in the post office and directed to the plaintiff contained any notice of Pliny E. Davis' application for a discharge, is not well founded. The record must be received as evidence of every fact, which can be reasonably *inferred* from the entire record. And upon inspection of the record we think no reasonable doubt can be entertained, that the plaintiff received the required notice. Indeed this objection was not much relied upon at the argument, and certainly is not sustained by reference to the record.

At the hearing in the court below the plaintiff interposed a motion

for judgment, founded upon the supposed insufficiency of the defendant's plea; which motion was overruled by the county court. It is now insisted, that the matter set forth in the plea does not amount to a defence to the action,—that the plea of bankruptcy is a personal defence, of which the bail cannot avail himself by plea.

Several authorities have been introduced to sustain this position; and it would seem by the English practice such a plea could not be allowed, at least, after the bail had become fixed; and by the settled practice of the English courts bail were held to be fixed upon the return of *non est inventus* upon the *ca. sa.* Until that time the bail was entitled to surrender the principal, as matter of right. And in England, if the principal died before the bail was fixed, it was ground for relief, and, according to their practice, it was granted upon motion and an *exonereter* entered upon the bail piece; but the death of the principal, *after* the bail was fixed, was no ground of relief. The English rule upon this subject has been adopted in New York; and in *Olcott* v. *Lilly*, 4 Johns. 407, KENT, J., in delivering the opinion of the court, says, "the time, which is allowed the bail *ex gratia*, is at their peril, and they must surrender. He farther remarks, in the same case, "A number of cases in this court have gone so far, as to relieve the bail, if the principal had been discharged under the insolvent act, any time before the period allowed to the bail *ex gratia* had expired; and these decisions went upon the principle, that the discharge was equivalent to a surrender, and that it would be an unnecessary circuity to have a formal surrender made, since the principal would immediately be entitled to a discharge; and the latest decisions in England seem to have gone the same length;"—and he cites a number of cases to this point. In the cases above cited the bail was held entitled to relief, and the relief was obtained upon motion, in conformity to the English practice;—and may not the bail avail himself, by plea, of the discharge of the principal in bankruptcy? There are various matters, which the bail may plead to the *scire facias* by way of defence. He may avail himself of the death of the principal, provided it occurred before the return of *non est inventus* upon the execution. So the bail may plead payment, or satisfaction, of the judgment against the principal. So if the principal surrender himself in discharge of his bail, before the bail is fixed, the bail may plead this matter in discharge. 2 Com. Dig. 48, 59.

Belknap *v.* Davis.

In *Martin* v. *O'Hara*, Cowp. 823, it was held, that where the principal is a bankrupt, and is clearly entitled to his discharge, he need not be surrendered by his bail, but the court will, in the first instance, order an *exonereter* to be entered upon the bail piece. Lord MANSFIELD remarked, that "formerly the method was for the bail to surrender the principal, and then for the principal to move to be discharged. But of late, where a bankrupt is clearly entitled to his discharge, the court, to avoid circuity of action, have ordered an *exonereter* to be entered on the bail piece, without the form of a regular surrender of the bankrupt by his bail." So in *Woolley* v. *Cobbe*, 1 Burr. 244, it was held, that where the bankrupt obtained his certificate before the bail was fixed, the bail should be discharged,—if after the bail was fixed, they should remain liable. These cases proceed upon the principle, that no cause of action had accrued against the bail; and we think the authorities fully sustain the position, that the bail may plead any matter, which shows there was no cause of action against him.

The pleadings show, that the judgment against the principal was rendered on the first of November, 1842, and that the return of *non est inventus* on the execution was made on the thirtieth of December, 1842, and that the discharge and certificate of the bankrupt were obtained on the twenty sixth of December, 1842, which was prior to the bail becoming fixed.

The result is, that, the principal having obtained his certificate of discharge before the bail was fixed, no cause of action accrued against the bail, and this matter the bail might well plead as a defence to the action. The judgment of the county court is therefore affirmed.