WALTER B. TURNER *vs.* N. C. BARTLETT & another.

A debtor arrested on execution, having entered into a recognizance, under the Gen. Sts. *c.* 124, § 10, to appear before a magistrate at a certain time and place for examination, failed to appear because committed to the county jail upon a warrant on a criminal charge. The sureties on the recognizance did not surrender him, gave no notice of his imprisonment to the judgment creditor or his attorney, and did not apply to the magistrate for a continuance. *Held,* that they were liable on the recognizance, although the debtor, on his release from imprisonment, at once offered to submit himself for examination, and the creditor refused to proceed with the examination.

CONTRACT, under the Gen. Sts. *c.* 124, § 10, upon a recognizance entered into on February 27, 1869, by George T. Reed, as principal, and the defendants, as sureties, conditioned that Reed, who had been arrested on the same day upon an execution issued on a judgment in favor of the plaintiff, should within thirty days from his arrest deliver himself up for examination before a magistrate, "appear at the time and place fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default

at any time fixed for his examination, and abide the final order of the magistrate therein." The case was submitted to the judgment of the superior court, and, on appeal, of this court, on agreed facts in substance as follows:

Reed was arrested on the execution by a constable of the city of Boston and taken before a magistrate, wh're he and the defendants entered into the recognizance declared on. He submitted himself to examination at the time appointed, and from time to time at several adjournments till April 14, when the examination was adjourned to April 24, when he failed to appear, having been arrested upon a warrant issued against him on a complaint for adultery; and, for default of bail, committed to the jail of Suffolk county, where he was on April 24, all which was known to the defendants. The defendants did not surrender Reed at any time to the constable, who arrested him, or to the keeper of the jail, or to any other officer authorized to receive him, nor in any way in discharge of the recognizance, and they gave no notice to the plaintiff or his attorney of any such surrender, and the plaintiff and his counsel appeared on April 24 prepared to examine him. As soon as Reed was discharged from jail in May, long after April 24, he proposed to appear before the magistrate and complete the examination, but the plaintiff refused, and no further proceedings were had.

If the court should be of opinion that on the above facts the plaintiff was entitled to recover, then judgment to be entered for him for the amount of the judgment debt and costs of the proceedings; otherwise for the defendants.

*R. Lund*, for the plaintiff.

*J. H. Butler*, for the defendants.

CHAPMAN, C. J. George T. Reed had been arrested on an execution and brought before a magistrate. On February 27, 1869, he entered into a recognizance, in the form required by the Gen. Sts. *c.* 124, with the defendants as his sureties, for his appearance within thirty days for examination, and from time to time till the examination shall be concluded, and to abide the final order of the magistrate. He appeared at the time appointed, and from time to time at several adjournments. The

last time fixed for his continued examination was April 24, 1869, when he failed to appear, and he did not appear again, though the plaintiff appeared with his counsel to examine him. The condition of the recognizance was thus broken.

The defendants prove in defence, that a short time prior to April 24, Reed had been arrested on a warrant issued against him on a complaint for adultery and was committed to the jail of the county where he was held in custody till some time in May, when he was discharged. The defendants had knowledge of his default, but took no measures to bring him before the magistrate or to commit him upon his recognizance, so that he would be held in custody and in a condition to give a new notice, nor did they appear for him and move for a continuance as they might have done. *Mann* v. *Mirick*, 11 Allen, 29.

In *Bigelow* v. *Johnson*, 16 Mass. 218, it was held that the bail performed the condition by committing the principal to jail and notifying the plaintiff. *Way* v. *Wright*, 5 Met. 380, was *scire facias* against bail. It was held that the imprisonment of the principal in the state prison was no defence to the action, but that the bail might be relieved on motion because the principal had been taken from them and was detained by the act of the government. In *Fuller* v. *Davis*, 1 Gray, 612, the court discharged the bail of one who had been committed as a lunatic to an insane hospital. In *Hughes* v. *Wamsutta Mills*, 11 Allen, 201, it was held that an arrest, conviction and imprisonment for crime would exonerate a workman from the duty of giving to his employers two weeks' notice before leaving their service, under a contract by the terms of which he was bound to give such notice or not claim any wages due.

The general principle recognized in these cases is that if the act of the government prevents one from performing his contract, he will be excused or relieved from the performance. But in this case the defendants might have fulfilled their contract by leaving with the jailer who had Reed in custody a copy of the recognizance, and giving notice to the plaintiff, or might have appeared before the magistrate and probably obtained a continuance till Reed should be discharged. But they allowed him to go at large

so far as the plaintiff's claim was concerned. His subsequent offer to appear before the magistrate and surrender himself was of no avail, for the magistrate then had no jurisdiction over him.

*Judgment for the plaintiff.*