WALKER *v.* WATERMAN.

*Liability of Bail on Mesne Process.* *Gen. Sts. c.* 33, *s.* 63.

In *scire facias* against bail on *mesne* process, *held*, that the amount of the judgment against the principal, with interest thereon and costs, was the sum to be recovered, and that it was not to be reduced to a nominal sum upon a showing that the principal had no attachable property at the time of nor after the rendition of judgment in the original action.

SCIRE FACIAS against defendant as bail on *mesne* process for John Knapp. Plea, the general issue, and trial by the court, April Term, 1877, ROYCE, J., presiding.

It was agreed that plaintiff was entitled to judgment for nominal damages and cost at least; and that at the time judgment was rendered in the original action, and ever after, said Knapp was poor and without property, except a few blacksmith tools, and perhaps a cow, and other things of little importance, that were exempt from attachment. The question was, whether the plaintiff should recover the amount of the judgment in the orig-

inal action, with interest thereon, or whether the poverty of Knapp should be considered in mitigation of damages.

The court rendered judgment for the plaintiff for nominal damages and costs ; to which the plaintiff excepted.

*C. C. Burke*, for the plaintiff.

The plaintiff is entitled to recover the amount of the original judgment with interest. Gen. Sts. c. 33, s. 62, *et seq.* The words in the statute, " unless just cause be shown to the contrary," have no reference to the poverty of the debtor. *Aiken* v. *Richardson*, 15 Vt. 500 ; *Mott* v. *Hazen*, 27 Vt. 208 ; *Converse* v. *Washburn*, 43 Vt. 129. The defendant's undertaking was an absolute one, with terms and conditions prescribed by the statute ; and it cannot be changed by the court.

There is no analogy between the case of bail and of a sheriff ; but if there were, it would not aid the defendant. *Turner* v. *Lowry*, 2 Aik. 72 ; *Kidder* v. *Barker*, 18 Vt. 454 ; *Watkinson* v. *Bennington*, 12 Vt. 404 ; *Hall* v. *Brooks*, 8 Vt. 485 ; *Ives* v. *Strong*, 19 Vt. 546 ; *Goodrich* v. *Starr*, 18 Vt. 227 ; *Wheeler* v. *Pettis*, 21 Vt. 398 ; *Mason* v. *Ide*, 30 Vt. 697.

*Brigham & Waterman*, for the defendant.

The defendant can be held for actual damages only. The case is not analogous to that of a public officer who willfully neglects his duty. The obligation of the bail is in the nature of a contract, and, as in case of other contracts, actual damages only can be recovered. In an action against a sheriff for not taking bail, or taking insufficient bail, the plaintiff can recover only the actual damage. *Keith* v. *Ware*, 2 Vt. 174 ; *Crane* v. *Warner*, 14 Vt. 40. An officer acting in good faith is liable for actual damages only. *Blodgett* v. *Brattleboro*, 30 Vt. 579.

The opinion of the court was delivered by

Ross, J. From the statement of the case, it appears that the defendant was duly charged as bail on mesne process in favor of the plaintiff against John Knapp. The question presented for consideration is in regard to the extent of his liability, and par-

ticularly, whether he can reduce the sum recoverable against him on *scire facias*, to nominal damages, by showing that Knapp was poor, and possessed of but little property, and that little of a kind which was exempt from attachment and levy of execution.

By the terms of the statute, the defendant, by indorsing his name on the writ as bail, undertook and became holden to satisfy the judgment which should be recovered in that suit against Knapp, in case Knapp's body should not be where it could be found and taken on the execution which should be issued on that judgment, or in case he should not deliver Knapp's body into court before or during the term at which final judgment should be rendered against him in the action of *scire facias*. Gen. Sts. c. 33, ss. 62, 63, 64, 65. By s. 63 it is provided, that if execution in the original action is seasonably put into the hands of an officer, and the return of *non est inventus* is legally made thereon, and the action of *scire facias* is seasonably prosecuted, then, unless the surety shall surrender the body of his principal into court, or show his death, before judgment on the *scire facias*, " the court shall (unless just cause be shown to the contrary) render judgment against such surety for the amount of the judgment in the original action against the principal, and interest thereon, with the costs on the *scire facias*." This language is clear and explicit. If the plaintiff, on the *scire facias*, is entitled to judgment for anything, it is for the amount of the judgment in the original action, interest and costs. " The just cause " which may " be shown to the contrary " is, a cause why judgment should not be rendered against the bail at all, and not a cause why the amount recovered should be reduced to nominal damages. Such "just cause " has been held to be the wrongful issuing of the writ in the original cause as an attachment against the body of the principal; *Aiken* v. *Richardson*, 15 Vt. 500; *Muzzy* v. *Howard*, 42 Vt. 23; the enlistment of the principal into the service of the United States, which act, under the laws, freed his body from arrest in civil proceedings; *McFarland* v. *Wilbur & Leach*, 35 Vt. 342; the discharge in bankruptcy of the principal from the debt on which judgment in the original action was rendered before the liability of the bail became fixed ; *Belknap* v. *Davis*, 21

Vt. 409; or any other fact, like the payment or satisfaction of the original judgment by the principal, or the confinement of the principal in state prison, jail, or an insane asylum, which shows that the plaintiff would have no right to take and hold the body of the principal on his original execution if the bail should surrender him into court. But no case has been brought to our attention in which it has been held that the damages recoverable against the bail on *scire facias*, if recoverable at all, can be reduced below the amount of the judgment in the original action, with interest thereon and the costs on the *scire facias*.

In *Turner* v. *Lowry*, 2 Aik. 72, which was an action against the defendant as a sheriff for failure to return the execution seasonably to charge the bail, the damages were adjudged to be the amount of the plaintiff's judgment against the execution debtor with interest. This must have been upon the ground that by the failure of the defendant to charge the bail the plaintiff had lost that amount. In *Converse* v. *Washburn*, 43 Vt. 129, though not involving the precise point in question, WHEELER, J., says : "When the defendant became bail for Moody in that suit, he became holden to satisfy the judgment which should be finally rendered therein, in case the plaintiff should," &c., take the proper steps to charge him as such bail.

The defendant claims that the obligation of bail is in the nature of a contract, and as in the case of other contracts, only actual damages can be recovered. Conceding this to be so, the contract of the bail is, by force of the statute, to *satisfy* the judgment which shall finally be rendered on the writ on which he became bail, and not so much thereof as the plaintiff would have been likely to have obtained of the principal. He contracted to pay such a sum as should be determined by the judgment in the original action, a sum which, in the course of the original proceeding, was to be made certain, and not such as might be shown in the supplemental proceeding on the *scire facias*. The statute does not permit the bail to say to the plaintiff when sued for not producing the body of his principal, " if I had produced him, and you had taken and now held his body, you could not have obtained satisfaction of the original judgment." The body of the debtor never satisfied

the debt, but is allowed to be taken for the purpose of compelling the payment of the debt by the judgment debtor. It does not follow, that because the judgment debtor has but little property, and that exempt from attachment and levy of execution, therefore the plaintiff will not compel the payment of his debt by taking and confining the body of his judgment debtor. It may be, and the theory of the law is, that the debtor will yield, and pay the debt rather than endure the imprisonment. But this view aside, the statute, we think, explicitly determines the extent of the liability of bail in such cases, if liable at all.

The defendant attempts to liken the liability of bail to that of an officer for official neglect in the service of process, in which case it has been held that he may show that by reason of the poverty of the defendant, his neglect has occasioned no real damage to the plaintiff, inasmuch as the service of the process would not have enabled the plaintiff to have obtained satisfaction of his debt, *Kidder* v. *Barker*, 18 Vt. 454; *Ives* v. *Strong*, 19 Vt. 546. But the extent of the liability of the officer in such a case is not explicitly fixed by the statute, and hence, the case is not analogous to that of bail on mesne process.

Judgment reversed, and judgment for the plaintiff to recover the amount of his judgment against Knapp, with interest, and the costs of this suit.